FILED
FT. SMITH DIST

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION _V_

2017 JUN -6 A 9: 29
lano- Fairchild
CIR. CLERK SEB. CO.

ALECHIA REEVES                                                      PLAINTIFF

CV-17-0566

VS.                              CASE NO. 17-_____

TRI-HILL TURF CARE, INCORPORATED, and
TRI-HILL PEST CONTROL, INCORPORATED                        DEFENDANTS

COMPLAINT

Comes now the Plaintiff, Alechia Reeves, by and through her attorney, Joe D. Byars, of Byars

& Hall, PLLC, and for her Complaint against the Defendants Tri-Hill Turf Care, Incorporated, and

Tri-Hill Pest Control, Incorporated, states and alleges as follows:

1.    The Plaintiff, Alechia Reeves, is a female citizen and resident of Fort Smith,

      Arkansas, who was previously employed by the Defendants, Tri-Hill Turf Care,

      Incorporated, and Tri-Hill Pest Control, Incorporated (collectively "Tri-Hill"), until

      her employment was involuntarily terminated by Tri-Hill on October 27, 2015.

2.    This is an action for wrongful termination of employment, arising from the

      Defendants' violation of the Arkansas Civil Rights Act, and Title VII of the Civil

      Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e

      to 2000e-17.

3.    Tri-Hill Turf Care Incorporated is an Arkansas for profit corporation doing business

      in Fort Smith, Arkansas, whose agent for service of process is Daniel L. Hill, 3021

      Towson Avenue, Fort Smith, Arkansas 72901.  Tri-Hill Turf Care, Incorporated

      regularly employed no fewer than ten (10) employees at all relevant times.

1

4.    Tri-Hill Pest Control, Incorporated is an Arkansas for profit corporation doing business in Fort Smith, Arkansas, whose agent for service of process is Daniel L. Hill, 3021 Towson Avenue, Fort Smith, Arkansas 72901.   Tri-Hill Turf Care, Incorporated regularly employed no fewer than ten (10) employees at all relevant times.

5.    Tri-Hill Turf Care, Incorporated and Tri-Hill Pest Control, Incorporated shared top-level management, who made employment decisions for both companies, shared offices and employees, and should be held to constitute joint employers of the Plaintiff for all purposes.   Throughout this Complaint, both Defendants are collectively called "Tri-Hill".

6.    Tri-Hill subjected Reeves to a sexually hostile work environment, and created, fostered, and maintained an atmosphere of sexual discrimination and harassment.

7.    When Reeves complained to the owner of Tri-Hill that one of her coworkers sent her sexually explicit text messages, Tri-Hill terminated her employment because of her gender and in retaliation for conduct which is protected by Title VII and the Arkansas Civil Rights Act.

8.    Reeves seeks injunctive relief, compensatory and punitive damages and reimbursement of her costs of litigation, including her attorney's fees.

### Jurisdiction and Venue

9.    The acts giving rise to the Plaintiff's Complaint occurred in Fort Smith, Sebastian County, Arkansas. At all material times, Tri-Hill Turf Care, Incorporated, and Tri-Hill Pest Control, Incorporated was an Employer of Reeves within the meaning of

2

42 U.S.C. §20003(b) and the Arkansas Civil Rights Act; and Reeves was an employee of Tri-Hill.

### EEOC Charge

10. On March 11, 2016, Alechia Reeves filed a Charge of Discrimination against Tri-Hill with the U.S. Equal Employment Opportunity Commission. The EEOC designated her charge as Charge Number 493-2016-00873 (the "Charge of Discrimination").

11. In her Charge of Discrimination, Reeves asserted that she was wrongfully discharged from her employment when she complained to her management about being subjected to unwelcome sexual harassment.

12. Reeves filed her Charge of Discrimination within 180 days of the unlawful practices alleged herein.

13. The EEOC issued Reeves a Notice of Right to Sue with respect to her Charge of Discrimination on March 29, 2017, which was received by Ms. Reeves several days later.

14. Reeves files this Complaint within 90 days of her receipt of the Notice of Right to Sue letter issued by the EEOC.

### Factual Allegations

15. Reeves began her employment with Tri-Hill on or about October of 2014.

16. Ms. Reeves worked in the office as an accounting clerk or assistant, where she worked five days per week with a rate of pay of $11.50 per hour.

17. After one of the employees left her position, Ms. Reeves was asked to serve as the "business" or "office" manager, while the business hired another significantly younger woman to work with her.

3

18.    One day in October of 2015, Ms. Reeves accidentally opened the new employee's paycheck, which had been placed on her desk by another employee. She did not recognize that the check was not hers until after the envelope was opened. When she opened the check, she recognized that the new employee was earning over $16.00 per hour, and let the owner of Tri-Hill know she was not happy that the new employee -- whom Ms. Reeves was training -- was earing more money than her.

19.    The owner of Tri-Hill told Ms. Reeves that he would be giving her a raise, which she would see on her next paycheck.

20.    At about the same time as the discussion concerning her rate of pay, Reeves told the owner that she was having difficulty with a lawn tech employee sending unwelcome and sexually related text messages.

21.    The following week (on a Monday), none of the employees would speak with Reeves.

22.    The next day (Tuesday), the owner of Tri-Hill told Reeves that things were "not working out" and that Reeves was terminated.

23.    Reeves was terminated from her employment because she opposed the sexually related text messages, and reported the same to the owner.

24.    Prior to her job termination, Ms. Reeves had not been subjected to disciplinary action in connection with her employment.

25.    Tri-Hill obviously received the report which Reeves made about the unwanted sexually related text messages from a Tri-Hill employee.

4

Retaliation in Violation of Title VII
and the Arkansas Civil Rights Act.

26.    But for Reeves' report of the sexually related text messages made unlawful by Title
       VII and the Arkansas Civil Rights Act, Tri-Hill would not have terminated her
       employment.

27.    Tri-Hill retaliated against Reeves because she opposed actions made unlawful by
       Title VII and the Arkansas Civil Rights Act.

28.    Tri-Hill acted with malice or with reckless indifference to Reeves' protected rights
       when it terminated her employment.

29.    As a direct and proximate result of Tri-Hill's unlawful retaliation against Reeves,
       Reeves has suffered and continues to suffer loss of income, loss of benefits,
       emotional distress, and emotional pain and suffering, in an amount to be proven at
       trial.

30.    As a direct and proximate result of Tri-Hill's unlawful retaliation, Reeves has been
       compelled to incur attorney fees and expenses of litigation, for which Tri-Hill is
       liable.

WHEREFORE, Reeves respectfully requests:

a)     that Reeves be awarded damages to cover all lost income, lost health care, and other
       benefits she would have received but for the unlawful actions taken against her;

b)     that Reeves be awarded general damages to compensate her for the emotional
       injuries, pain, and suffering, and other losses and injuries suffered as a result of the
       unlawful actions taken against her;

c) that Reeves be awarded punitive damages against Tri-Hill as a consequence of its wilful, malicious, reckless or intentional conduct;

d) that Reeves be granted trial by jury;

e) that Reeves be awarded her attorney's fees and expenses of litigation; and

f) such other relief as may be just and proper.

Respectfully submitted,

ALECHIA REEVES, *Plaintiff*

Joe D. Byars, P.A., Ltd.
BYARS & HALL, PLLC
401 Lexington Avenue
Fort Smith, AR 72901
Tel: (479) 494-1800
Fax: (479-783-0694)

BY: _____

Joe D. Byars, Jr.
ABN: 95107

Counsel for Plaintiff

6